IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CLIFTON GLASS, #247518                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 5:24-cv-4-DCB-LGI

PIKE COUNTY, MISSISSIPPI, ET AL.                                    DEFENDANTS

ORDER CONSTRUING PLAINTIFF'S MOTION FOR RECONSIDERATION [22] AS A
MOTION TO ALTER OR AMEND JUDGMENT AND DENYING PLAINTIFF'S MOTION

This closed case is before the Court on *pro se* Plaintiff Clifton Glass's ("Plaintiff")

Motion for Reconsideration [22] which this Court construes as a Motion to Alter or Amend a

Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Plaintiff moves the

Court to reconsider the Order of Dismissal [20] and Final Judgment [21] dismissing his civil

rights complaint filed under 42 U.S.C. § 1983 as barred by the statute of limitations.  For the

following reasons, Plaintiff's Motion is denied.

I.      Background

Plaintiff, a post-conviction inmate of the Mississippi Department of Corrections, filed

this lawsuit in January of 2024, asserting claims arising from his prior detention in the Pike

County Jail in Magnolia, Mississippi.  Plaintiff stated that he was confined in the Pike County

Jail starting on January 14, 2020 until November of 2020.  *See* Resp. [13] at 3; Order [12].

Plaintiff specifically provided January 15, 2020 as the date of the actions alleged in his

Complaint but also referenced an illness in October of 2020, and alleged that he was without

some of his medication from January 14, 2020 until November of 2020.  Resp. [13] at 2–4.

Plaintiff further stated that his detention at the Pike County Jail ended in November of 2020.  In

a later-filed Response, Plaintiff stated the "dates of the incidents" are January 14, 2020 to

December 11, 2020.  Resp. [18] at 2.

The Court screened Plaintiff's Complaint under the Prison Litigation Reform Act and found Plaintiff's Complaint barred by the statute of limitations. *See* Order of Dismissal [20]. Plaintiff did not make any arguments for tolling of the statute of limitations or mention any reason that prevented him from timely filing this lawsuit. *Id*. at 5. The Court discussed the State of Mississippi's tolling provisions and found none applied to Plaintiff's Complaint. *Id*. at 5–6. The Court dismissed Plaintiff's civil action as legally frivolous under 28 U.S.C. § 1915(e)(2)(B). J. [21] at 1.

In his Motion [22], Plaintiff states that in January of 2021, he hired an attorney to file a civil action against the Pike County Jail but the attorney did not do so. Plaintiff states that on January 31, 2024, and February 15, 2024, he submitted a complaint concerning his attorney to the Mississippi Bar. Plaintiff asserts that he "did everything he was expected to do[,] believing his hired attorney would do so also." Mot. [22] at 2. Plaintiff asks the Court to reconsider the Order of Dismissal "in light of this vital new information" *Id*.

II.    Discussion

The Court must liberally construe Plaintiff's filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reiterating that a document filed *pro se* is "to be liberally construed"). Plaintiff seeks reconsideration of the dismissal of this case and his motion was filed within 28 days of the Final Judgment. The Court therefore construes Plaintiff's Motion [22] as a Motion to Alter or Amend a Judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

"Under Rule 59(e), amending a judgment is appropriate (1)where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). Reconsideration of a

judgment "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

In his Motion [22], Plaintiff does not assert any arguments that were not available to him at the time of filing this lawsuit. Essentially, Plaintiff is arguing the statute of limitations should be tolled because he hired an attorney—in January of 2021— that never took action on his behalf and because he filed a complaint with the Mississippi Bar. Even if the Court considered this information in screening Plaintiff's Complaint, it would not have changed the outcome. First, the filing of a complaint with the Mississippi Bar does not toll the limitations period. *Archer v. Creel*, 217 So. 3d 690, 692 (Miss. Ct. App. 2016). Second, ignorance of legal rights, lack of legal representation, or inability to obtain legal representation do not toll the limitations period. *Wedgeworth v. Mississippi*, No. 3:17-cv-730-CWR-FKB, 2018 WL 1463496, at *4–5 (S.D. Miss. Mar. 23, 2018) (finding Mississippi prisoner's assertion that "he was ignorant of his legal rights, was in a stressful environment, and lacked faith in the judicial system" insufficient to toll statute of limitations for § 1983 action); *see Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009) (listing cases) (affirming sua sponte dismissal of prisoner's §1983 complaint as frivolous finding lack of legal representation and failed attempts to acquire counsel insufficient to toll limitations period under Texas law); *Goosby v. Robertson*, 602 F. App'x 190, 190–91 (5th Cir. 2015) (dismissing prisoner's appeal of § 1983 action as frivolous finding lack of legal representation insufficient to toll the limitations period). The Court's finding that Plaintiff is not entitled to tolling of the limitations period under Mississippi law is not a manifest error. *See* Order of Dismissal [20] at 5–6 (citing Miss. Code Ann. §§ 15-1-57, 15-1-59, 15-1-67; *Reeg v.*

3

*Keel*, 174 So. 3d 309, 312–315 (Miss. Ct. App. 2015) (discussing Mississippi tolling provisions)).

Plaintiff seeks reconsideration of the Court's decision but fails to establish manifest error or present newly discovered evidence. Nor has an intervening change in the controlling law occurred. Plaintiff therefore fails to satisfy the requirements for obtaining relief under Rule 59(e).

III.    Conclusion

The Court has considered the pleadings and applicable law. For the foregoing reasons, Plaintiff's motion for reconsideration under Rule 59(e), is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [22] construed as a Motion to Alter or Amend a Judgment under Rule 59(e) is **DENIED**.

**SO ORDERED**, this the  31st   day of    January    , 2025.

s/David Bramlette_____
UNITED STATES DISTRICT JUDGE